McKinney, J.
delivered the opinion of the court.
This is an action of debt upon a guardian’s bond. The breach of the condition of the bond assigned in the declaration, is the failure of the guardian to account for and pay over the sum of fifteen hundred and seventy-two dollars and sixty-seven cents, of the fund in his hands belonging to his former wards, for whose use this suit is brought.
The errors assigned and relied on relate to mere matters of practice.
It appears that the declaration was filed at the term to which the process was returnable. The defendant failed to appear, and no further step was taken at that term. At the following term, the record shows that “the defendants being solemnly called, came not, but made default;” and thereupon a jury was empanelled inslanter, to enquire what damages the plaintiffs had sustained by reason of the breach of the condition of the bond declared on. Damages were assessed to the amount of twelve hundred and fifty-three dollars and fourteen cents, *575 for.which sum judgment was rendered by the court. There was no formal judgment by default rendered, nor writ of enquiry awarded upon the record.
These proceedings, we think, are irregular in two respects. The first irregularity is the omission of the court to render a judgment by default and to award a writ of enquiry, on the failure of the defendants, upon being called, to appear and make defence to the action. The second irregularity, and the main one for which we feel constrained to reverse the judgment, is, that the writ of enquiry was executed at the same term at which the defendants were called upon tq appear and make defence. By the act of 1794, ch. 1, sec. 26, the defendant is required to appear and make defence, (unless upon sufficient cause the time for pleading be enlarged by the court, within the first three days after the time allotted for filing the declaration;) and on his failure to do so, “the plaintiff may have judgment by default, which, in actions of debt, shall be final, unless where damages are suggested on the roll, and in that case and others not herein specially provided for when the recovery shall be in damages, a writ of enquiry shall be executed at the next succeeding term.
The proper construction of this provision of the statute is obvious and free from all difficulty. Although the defendant may have omitted to plead to the action and submitted to a judgment by default, still he has the unquestionable right, on the execution of the writ of enqui-ry, to appear and adduce any legal evidence for the purpose of mitigating the damages sought to be recovered against him. Evidence on the part of the plaintiff is not unfrequently alike necessary. Hence the provision that the writ of enquiry shall not be executed until the next *576 succeeding term, in order that both parties may have reasonable opportunity of preparing their proof. That the phrase ‘next succeeding term,” means the term next succeding that at which the judgment by default was rendered, and not the term next succeeding the appearance term, is too clear to admit of doubt, whether we regard the meaning or the words of the statute. By a strict observance of the provision of the statute the plaintiff may entitle himself to have a writ of enquiry executed at the second term. On the failure of the defendant to appear and plead, the plaintiff, in the language of the act, may have judgment by default; but undoubtedly he may waive this provision made for his exclusive benefit; and if, by his negligence, a judgment by default be not entered against the defendant at the appearance term, he must be held to have waived the benefit intended to be conferred on him. The fault is his own, and he cannot be permitted to avail himself of his negligence to defeat the right intended to be secured to the defendant in such cases.
The judgment of the circuit court will be reversed; a judgment by default will be rendered here, and a writ of enquiry awarded, but the cause will be remanded to have said writ of enquiry executed.